IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEESTHER GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2525-B-BN |
| | § | |
| KOHLS DISTRIBUTION EFULFILLMENT CENTER, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff KeEsther Garrett filed a *pro se* complaint alleging wrongful employment actions against his employer. *See* Dkt. No. 3.

Defendant Kohl's, Inc. moved to dismiss Garrett's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 12.

Garrett's lawsuit was then referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 14.

Garrett responded to Kohl's motion and moved for summary judgment on his claims. *See* Dkt. No. 18.

And Kohl's replied and responded to the motion for summary judgment. *See* Dkt. Nos. 19-21.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons set out below, the Court should deny the motion to dismiss and Garrett's request for summary judgment.

## Legal Standards

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see also Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

As these cases reflect, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would '"transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."' *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely

evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

That said, Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

And, where "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). And, on such a motion, the Court will "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

**Analysis**

At the time that Garrett filed this lawsuit and when Kohl's moved to dismiss it, Garrett, a transgender male, was a current Kohl's employee who alleges

mistreatment at work and discrimination "because of [his] sex (gender identity/transgender), in violation of Title VII of the Civil Rights Act of 1964, as amended," Dkt. No. 3 at 7, based on (1) coworkers' failing to use correct pronouns; (2) "not being comfortable in either bathroom and mental health issues"; (3) "being called fairy, dike, confused, eye rolling and people refusing to work with [him]"; and (4) supervisors' showing their frustration with him and his work locker being reassigned and its possessions thrown away "because [Garrett is] transgender," *id.* at 2.

And attached to the complaint is the charge that Garrett filed with the Texas Workforce Commission, in which it is alleged that, in

> September 2021, I was hired by Respondent. After beginning my employment with Respondent, I was subjected to continuous harassment and different terms and conditions of employment. Examples include, but are not limited to, associates (including management) frequently asking me what my gender was, asking which restroom I use, complaining about the restroom I use, and throwing out my personal items from my locker. I was continuously moved from one department to another because the male managers didn't want me in their department, laughed at, and I have been yelled at and mocked frequently. Despite complaining to management and Human Resources about the treatment I was being subjected to, no action was taken, and the harassment and different terms and conditions issued continued. As a result, I felt I had no choice but to move from a full-time schedule to part-time so that I could work with my buddy/witness as this is the only way I feel safe to come to work. My buddy/witness has also reported the harassment to Human Resources on my behalf, but I am not aware of any remedial action taking place.

*Id.* at 3.

To plausibly allege (and ultimately prove) claims under the Title VII against an employer or former employer requires that a plaintiff either rely on direct evidence or proceed under a burden-shifting analysis. *See Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010) ("In employment discrimination cases, a plaintiff

may rely on direct or circumstantial evidence, or both." (footnote omitted)).

"[D]irect evidence is rare" and has been defined "as evidence which, if believed, proves the fact without inference or presumption." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (cleaned up).

For example, "[a] statement or document which shows on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination." *Id.* (cleaned up). While comments that require "inference or presumption are considered only stray remarks." *Price v. Valvoline, L.L.C.*, 88 F.4th 1062, 1065 (5th Cir. 2023) (cleaned up; quoting *Etienne v. Spanish Lake Truck & Casino Plaza, LLC*, 778 F.3d 473, 476 (5th Cir. 2015) (describing the "ultimate focus" "[t]o determine whether comments in the workplace constitute direct evidence, or only stray remarks," is "whether the comments prove, without inference or presumption, that race was a basis in employment decisions in the plaintiff's workplace" (cleaned up))).

Although Garrett alleges that, in his workplace, derogatory remarks implicating a protected status were made to him, because his allegations do not reflect claims supported by direct evidence – for example, that a comment itself shows that employment decisions were made based on a protected class – the first step in the burden-shifting analysis requires that he articulate a prima facie case as to his discrimination claim.

While a plaintiff need not establish a prima facie case at the pleadings stage, *see Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v.*

*La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013), a plaintiff still must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible," *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted).

A district court may therefore rely on the prima facie elements "to frame [its] inquiry" at the pleadings stage. *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

So, at this stage, the Court must ask whether Garrett has alleged enough facts, accepted as true, to allege an actionable discrimination claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

And, where a plaintiff has "not pled such facts," it is "proper[ to] dismiss" the associated claim. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

The prima facie elements of a Title VII discrimination claim are that a plaintiff

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted).

Garrett has alleged that he belongs to a protected group because discrimination based on sexual orientation violates Title VII. *See Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644, 683 (2020) ("In Title VII, Congress adopted broad language making it illegal for an employer to rely on an employee's sex when deciding to fire that employee." So "a necessary consequence of that legislative choice" is that "[a]n employer who fires an individual merely for being gay or transgender defies the law."); *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 616 (4th Cir. 2020) ("That is because the discriminator is necessarily referring to the individual's sex to determine incongruence between sex and gender, making sex a but-for cause for the discriminator's actions." (citation omitted)); *see also Stollings v. Tex. Tech Univ.*, No. 5:20-cv-250-H, 2021 WL 3748964, at *11 (N.D. Tex. Aug. 25, 2021) ("Stollings is protected on the basis of sex, which includes sexual orientation in light of *Bostock*, but sexual orientation does not constitute a distinct class as Stollings asserts.").

And the record reflects that Garrett remains a Kohl's employee. *Cf. Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 350-51 (5th Cir. 2007) (Because "Berquist possessed the same job qualifications when Washington Mutual terminated him as when Martinez assigned him to the credit review position," he "need not show that his performance met Washington Mutual's expectations to establish a prima facie case.").

And, so, Garrett has alleged the first two ultimate elements of a Title VII

- 11 -

discrimination claim.

> Taking the fourth element next,
>
> [t]here are several different ways that a plaintiff may allege a plausible Title VII disparate-treatment claim. These include identifying derogatory remarks about the protected class or status, a discrepancy or reduction in pay, or a demotion. *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 118 (4th Cir. 2021) (holding sex-specific derogatory terms may be used to establish discrimination under Title VII); *Cicalese*, 924 F.3d at 768 (holding that the plaintiff sufficiently alleged disparate treatment when his employer made derogatory anti-Italian remarks).

*Stollings*, 2021 WL 3748964, at *11 (cleaned up).

The court in *Stollings* held that, there, "allegations concerning derogatory remarks and punishment for using the same methods for which male coaches were praised [were] sufficient to demonstrate less favorable treatment and state a claim under Title VII at this stage" and that, while the plaintiff did "not allege a specific comparator coach to demonstrate disparate treatment," "scrutinizing whether fellow employees are really similarly situated is better suited for the summary-judgment stage and should not result in a dismissal." *Id.* at *11 & n.11 (citing *Cicalese*, 924 F.3d at 768).

Here, similarly, the derogatory remarks that Garrett alleges, which he alleges were also made by management, regarding his gender are enough – at this stage – to state the fourth ultimate element.

Under the third element, an adverse employment action "need only be a term, condition, or privilege of employment." *Hishon v. King & Spalding*, 467 U.S. 69, 77 (1984). "[A]s precedent informs us, the phrase 'terms, conditions, or privileges' should be broadly construed." *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 430 (5th Cir.

2023) (per curiam) (citing *Hamilton v. Dall. Cnty.*, 79 F.4th 494, 502-04 (5th Cir. 2023) (en banc)). But, even after *Hamilton*, it remains settled law that "petty slight and *de minimis* conduct [do] not amount to an adverse employment action." *Dixon v. Garland*, No. 4:23-cv-19-P, 2024 WL 150509, at *6 (N.D. Tex. Jan. 12, 2024) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

The hostility alleged by Garrett, measured objectively, amounts to more than petty slights to the extent that he has provided enough factual content to plausibly allege this ultimate element and therefore survive dismissal at this stage.

In sum, the prima facie elements of a wrongful employment claim merely guide the Court's analysis at the pleadings stage. And, where (particularly *pro se*) plaintiffs provide enough facts to support each element, the case should generally move to the next stage, keeping in mind that a "[a] motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit" but "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

So, for the reasons set out above, the Court should deny the motion to dismiss.

But Garrett has not "establish[ed] beyond peradventure all of the essential elements of [the discrimination claim]." *Hughes v. Dillard, Inc.*, No. 3:09-cv-218-D, 2009 WL 4279414, at *3 (N.D. Tex. Nov. 30, 2009) (cleaned up; quoting *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting, in turn, 780 F.2d at 1194)).

So the Court should also deny Garrett's motion for summary judgment.

## Recommendation

The Court should deny Defendant Kohl's, Inc. motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 12] and deny Plaintiff KeEsther Garrett's motion for summary judgment in his favor [Dkt. No. 18].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 7, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE